# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:15-cv-04293-MDH |
| KDP HOSPITALITY, LLC, et al, | ) |
| Defendants. | ) |

## DECLARATION IN SUPPORT OF FORMAL CLAIM OF PRIVILEGE

I, David Weil, declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the following is true and correct:

1. I am the Administrator of the Wage and Hour Division, United States Department of Labor.

2. The Secretary of Labor ("Secretary") is responsible for enforcing the Fair Labor Standards Act of 1938, as amended ("the FLSA" or "the Act"), 29 U.S.C. § 201 et seq.

3. Sections 9 and 11 of the Act, 29 U.S.C. §§ 209 and 211, authorize the Secretary to conduct investigations of covered employers to determine whether they are in compliance with the Act.

4. By Secretary's Order No. 05-2010, the Secretary has, among other things, delegated to the Administrator of the Wage and Hour Division ("Administrator") the responsibility of conducting investigations to determine compliance with respect to the Act.

5. In addition to the order cited above, by Secretary's Order 16-2006 (71 Fed. Reg. at 67024-67025), the Secretary has specifically delegated to the Administrator the authority to formally invoke any necessary governmental claim of privilege.

6. Pursuant to its authority, the Wage and Hour Division ("Wage and Hour") of the U.S. Department of Labor investigated KDP Hospitality, LLC and KDP Hospitality Group, LLC,

two entities operating hotel businesses in Sedalia, Missouri, and individuals Priti B. Bhakta and Bhupendra Bhakta (collectively "Defendants").

7. Based upon information gathered during the investigation of Defendants, the Secretary filed a complaint in the United States District Court for the Western District of Missouri against Defendants pursuant to Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, alleging that Defendants violated the minimum wage, overtime compensation, child labor and recordkeeping requirements of the Act (the "FLSA Enforcement Action").

8. Defendants have not served the Secretary with any formal discovery requests in the FLSA Enforcement Action and no written discovery motion has been filed. However, pursuant to Local Rule 37.1, counsel for Defendants served counsel for the Secretary with a letter on March 23, 2016, addressing several discovery issues. Defendants, through this letter, asked the Secretary to "remove the redactions from the employee interview statements contained in the pages Bates stamped DOL066 through DOL110," noting that the primary basis cited by the Secretary for the redactions is the informer's privilege. The Secretary declined to remove the redactions and the issue remained unresolved. On April 18, 2016, the Court held a telephone conference with counsel for both parties, at which time counsel for the Secretary objected to producing unredacted employee interview statements on grounds that the redacted and withheld information was protected by the government informer's privilege. The Court has taken the matter under advisement and has permitted the parties to submit briefing on the issue before making a ruling.

9. The Administrator objects to the production of unredacted copies of employee interview statements on the grounds, inter alia, that they are protected from disclosure pursuant to the informer's privilege. This Declaration is submitted in support of the Secretary's objections.

10. I have personally reviewed the relevant parts of the unredacted employee interview statements, Bates stamped pages DOL066 through DOL110, that have been withheld by the Secretary pursuant to the government informer's privilege.

11. Complainants and other employees, both current and former, are often reluctant to

2

come forward with information about violations of the Act unless they are assured that their identities will not be revealed. The U.S. Department of Labor encourages current and former employees to provide full disclosure of violations of the Act by assuring them that their identities will be kept confidential. Such confidentiality is essential to protect the public interest in the efficient enforcement of the Act and to protect employees against retaliation and discrimination.

12. The employee personal interview statements redacted on the basis of the government informer's privilege would reveal the identities of individuals who cooperated with the U.S. Department of Labor investigation. Revealing their identities would adversely affect persons who have provided information to the agency and deter other persons from reporting a violation of law to the agency.

13. I hereby invoke the informer's privilege to protect from disclosure the identities, and any statements, other documents, or portions of other documents which could reveal the identities of persons who have provided information to Wage and Hour in the instant case. To protect the public interest in the proper enforcement of the Act, and to prevent the adverse impact on such enforcement, I believe that the informer's privilege should be invoked to protect from disclosure the identities, and any statements, other documents, or portions of other documents which could reveal the identities of persons who have provided information to Wage and Hour in this matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 26, 2016.
Washington, D.C.

_____
DAVID WEIL
Administrator Wage and Hour Division
United States Department of Labor

3