IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENRAL DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-04293-MDH |
| ) | |
| KDP HOSPITALITY, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The parties notified the Court of a discovery dispute pursuant to Local Rule 37.1(a)(2) and the Court held a telephone conference to hear argument on the disputed issues (Doc. 25). During the telephone conference, the Court granted Plaintiff's request to submit additional briefing on the issues presented. The parties have now submitted additional briefing and the matter is ripe for review.

The issue before the Court is whether Plaintiff, the Secretary of Labor of the United States Department of Labor ("Secretary"), should be required to produce un-redacted copies of employee interview statements to Defendants in this FLSA action. As a part of its initial disclosures, Plaintiff produced twelve employee interview statements to Defendants that were taken during the course of the Secretary's investigation of Defendants. The produced statements included certain redactions. According to Plaintiff, the redacted information includes identifying information for the current and former employees of Defendants who provided statements as well as the immigration status of those individuals. Defendants seek un-redacted copies of the employee interview statements. Plaintiff states "[i]f Defendants pursue discovery of the redacted

information, the Secretary will seek a protective order, pursuant to Fed. R. Civ. P. 26(c), barring discovery of the identities of informants and of any individual's immigration status."

Plaintiff argues the identities of the individuals interviewed by the Secretary are protected by the informer's privilege and Defendants have not established the requisite need for un-redacted employee interview statements at this stage of the litigation, *see Brennan v. Engineered Products, Inc.*, 506 F.2d 299, 302-03 (8th Cir. 1974). Plaintiff argues the immigration status of the individuals who provided the statements is irrelevant, *see Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 933-37 (8th Cir. 2013). Defendants argue the informer identities should be produced because Plaintiff has already disclosed in Appendix A to the Complaint the identities of the eight employees who Plaintiff alleges were not properly paid, thereby negating the need for the informer's privilege as to those individuals, and because fundamental fairness requires that Defendants have access to the identities in order to adequately prepare for, and conduct, effective depositions, *see Roviaro v. United States*, 353 U.S. 53, 60-61 (1957). As to immigration status, Defendants argue they are not directly seeking information related to immigration status but rather they are seeking the full statements of the witnesses in order to prepare for effective depositions. Defendants argue immigration status may be relevant to test the credibility of witnesses and a protective order will sufficiently protect the interests of the individuals.

Upon review of the relevant case law and the arguments provided by the parties, the Court finds Plaintiff should not be required to produce un-redacted copies of the employee interview statements at this time. The Eighth Circuit has clearly distinguished between a defendant's need for information protected by the informer's privilege during the course of discovery and the defendant's need for such information during immediate pretrial proceedings. *Brennan*, 506 F.2d at 302-05. The Eighth Circuit has suggested that a defendant usually cannot

2

make a sufficient showing during discovery to overcome the informer's privilege but the defendant is entitled to know "the charges, dates, names of the underpaid employees, and names of those persons known to the plaintiff who had information concerning the issues." *Id.* at 302-03. Here, it appears Defendants were provided all of that information through the Complaint and the initial Rule 26 disclosures.

Defendants' argument that the informer's privilege ceases to apply because Plaintiff identified certain individuals in Appendix A is rejected. Appendix A lists eight employees who Plaintiff alleges are entitled to damages for unpaid overtime and minimum wage compensation. While it is true that "once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable[,]" *Roviaro*, 353 U.S. at 60, courts have distinguished between the disclosure of *informer* identities and the disclosure of *claimant* identities in FLSA actions, holding that the former "waives" the privilege whereas the latter does not. *See Solis v. Delta Oil Co.*, No. 1:11-CV-233, 2012 WL 1680101, at *4 (S.D. Ohio May 14, 2012) (collecting cases); *Solis v. New China Buffet No. 8, Inc.*, No. 5:10-CV-78 CAR, 2011 WL 2610296, at *4 (M.D. Ga. July 1, 2011) ("Defendants' argument that Plaintiff waived the informer's privilege by disclosing the list of employees that may have knowledge regarding the case and on behalf of whom she was making claims is also a common and unsuccessful argument. Disclosure of the identity of an informer vitiates the privilege. Providing a list of employees that may have knowledge pertaining to the case, however, is not the same as identifying employees that have provided information to the Department of Labor. . . . . [F]or the purposes of the privilege, listing a former employee in Appendix A does not go nearly far enough in identifying them as an informer to waive the privilege." (internal citations omitted)); *Chao v. Westside Drywall, Inc.*, 254 F.R.D. 651, 660 (D. Or. 2009) ("Here, the

3

Secretary disclosed the names of Defendants' employees who, according to the Secretary, were not properly paid in violation of the FLSA; she did not identify any of these fifty-two individuals as 'informants.' As discussed above, the informant's privilege covers both the identities of informants as well as statements given to or obtained in the course of a DOL investigation. The Secretary's disclosure does not necessarily waive the informant's privilege regarding the claimant's statements."). Although it is a sound assumption that some or all of the employees listed in Appendix A were informers, the term "employee" is not synonymous with the term "informer" and it is possible that either none, some, or all of the employees listed in Appendix A were informers. Therefore, the informer's privilege applies here and it is Defendants' burden to overcome that privilege. *See generally In re Perez*, 749 F.3d 849, 858 (9th Cir. 2014) ("For the informants privilege to give way, the party seeking disclosure has the burden of showing that its need for the information outweighs the government's interest in nondisclosure.").

The Court has reviewed Defendants' arguments for disclosure and it appears Defendants seek access to the informant identifying information for the purposes of efficiency, cost, and impeachment and because Defendants believe such disclosure is necessary to satisfy principles of fundamental fairness. Similar arguments have been considered and rejected by the courts at this stage of the litigation. *See Brennan*, 506 F.2d at 304 (noting employer's attorney expressed a fear about untruthful testimony "[y]et, he made no effort prior to his discovery motion to obtain statements on his own or depose any of his own employees" and holding "[a]ccess for impeachment purposes should be handled at the pretrial stage"); *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.,* 459 F.2d 303, 307 (5th Cir. 1972) ("That the statements might lead to other evidence and that depositions would be expensive show that the statements would facilitate defendant's investigation but such facilitation is not a requirement for fundamental

4

fairness to defendant."); *Solis*, 2011 WL 2610296, at *3 ("The Defendants' need to depose all forty-eight former employees listed in Appendix A, or even only those who provided statements, in order to adequately prepare a defense appears far from pressing. The relevance of the identity of informers in a FLSA case is often questionable. . . . In any event, courts have generally found that the cost and inconvenience that Defendants seek to avoid does not tip the balance in favor of disclosure." (citations omitted)); *Chao*, 254 F.R.D. at 660 (noting "[c]ourts since have applied the [fundamental fairness] exception in FLSA cases, but in doing so have often commented that the names of the informers are irrelevant to whether the employer properly paid its employees and otherwise complied with the Act's requirements" and holding "as to those claimants still available to Defendants for deposition, they will be required to depose those claimants and work through with those deponents the redacted statements the Secretary has provided, consistent with the case decisions.").[1] Defendants have failed to make a showing that this case is outside the normal situation where the privilege applies.[2]

---

[1] When faced with an argument to overcome the informer's privilege in the FLSA context, Judge Clark of the Western District of Missouri found the privilege was not overcome in that case, explaining that:

> [D]efendant's only step towards discovery has been this broad request for production of documents. Other discovery techniques may reveal information which will assist the defendant in preparing for trial. Interrogatories, requests for admissions, and depositions of the plaintiff will surely assist the defendant in gathering vital information upon which to structure his defense. As discovery progresses and the time of trial draws closer at hand, the court will upon motion, then balance the needs of the defendant against the qualified privilege to discern if the cautionary remarks of the Eighth Circuit no longer are applicable.

*Marshall v. Domestic Empl. Serv., Inc,* No. 77-0279-CV-W-3, 1978 WL 1703, at *2 (W.D. Mo. Oct. 21, 1978).

[2] In another prior FLSA case decided by this Court involving informer's privilege, then Chief Judge Clark held:

> It would appear from the file that defendant knows the names of all claimants for whom the government seeks to recover, the amount claimed and the method used to determine the amount claimed. The defendant has failed to show that facts in statements given by its employees to plaintiff would be of substantial aid to it in preparing its defense. It would further appear that plaintiff has furnished defendant with the names of all persons who have any knowledge of facts concerning the issues in this case. It is this Court's view that the balance of interests favors the government in maintaining the confidentiality of those employees who have given it information. The Court believes that this is in accord with the teachings of *Brennan v. Engineer Products, Inc.*, [75 LC P 33,164] 506 F.2d 299 (8th Cir. 1974).

*Donovan v. Roadway Exp., Inc*, No. 80-3160-CV-S-A, 1981 WL 2345, at *1 (W.D. Mo. Sept. 29, 1981).

As to immigration status, the Court finds such information is irrelevant to the issues to be decided in this FLSA action, *see Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 933-37 (8th Cir. 2013), and any potential relevance, including to test the credibility of a claimant's or informer's representations, is outweighed by the potential damage and prejudice that would result if Defendants were permitted to inquire into the claimants' and informers' immigration status in cases such as this. *See, e.g., Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 9-11 (S.D.N.Y. 2015); *Reyes v. Snowcap Creamery, Inc.*, 898 F. Supp. 2d 1233, 1235-36 (D. Colo. 2012) (collecting cases); *Sanchez v. Creekstone Farms Premium Beef, LLC*, No. 11-4037-KGG, 2011 WL 5900959, at *3 (D. Kan. Nov. 23, 2011) (collecting cases); *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212-14 (N.D. Ill. 2010); *Galaviz-Zamora v. Brady Farms, Inc.*, 230 F.R.D. 499, 501-03 (W.D. Mich. 2005). Accordingly, the Court will not allow discovery into immigration status at this time, *see generally* Fed. R. Civ. P. 26(b)(1) (discussing proportionality standard), 26(c)(1) (discussing issuance of protective orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"), and the Secretary need not remove the redactions on the basis of immigration status at this time.

Based on the foregoing, the Court hereby **ORDERS** that Plaintiff is not required to produce un-redacted copies of employee interview statements at this time. The Court may reconsider this ruling upon a showing by Defendants, either after additional discovery or during the course of pre-trial proceedings, that Defendants' need for the redacted and protected information outweighs the government's interest in protecting the information.

**IT IS SO ORDERED.**

Date:   May 6, 2016                                        */s/ Douglas Harpool*
                                                                                                   **DOUGLAS HARPOOL**
                                                                                                   **UNITED STATES DISTRICT JUDGE**