IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| Thomas E. Perez,<br>    Plaintiff,<br><br>vs.<br><br>KDP Hospitality LLC, *et al.*,<br>    Defendants. | Case Number 2:15-cv-04293-mdh<br><br>**Consent Judgment** |

     Plaintiff brought this action against the Defendants KDP Hospitality LLC, KDP Hospitality Group LLC, Priti B. Bhakta and Bhupendra Bhakta (collectively "Defendants") for minimum wage, overtime pay, child labor and recordkeeping violations of the Fair Labor Standards Act during the time period of June 1, 2012, through May 31, 2015, at the Econo Lodge – Truman Inn and Motel 6 – Hotel State Fair. Defendants have agreed to the entry of this judgment without contest pursuant to an agreement between the parties. Upon joint motion of the parties and for good cause shown:

     It is hereby Ordered, Adjudged and Decreed that Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this judgment, including Priti B. Bhakta, individually, and Bhupendra Bhakta, individually,  are hereby permanently enjoined and restrained from violating the provisions of 29 U.S.C. §§ 215(a)(2), 215 (a)(4) and 215(a)(5) of the Fair Labor Standards Act of  1938, as amended (29 U.S.C. § 201 *et seq.*, hereinafter the "FLSA"), including in any of the following manners:

1    Defendants shall not, contrary to 29 U.S.C. §§ 206(a)(1) and 215(a)(2), fail to pay to their employees engaged in commerce or in the production of goods for commerce or employed in their enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour, or any rate subsequently made applicable by amendment to the FLSA.

2    Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of its employees in commerce or in the production of goods for

commerce, or in its enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one half times the regular rate at which he or she is employed.

3. Defendant shall not, contrary to 29 U.S.C. §§ 212(c) and 215(a)(4), employ any oppressive child labor.

4. Defendants shall not, contrary to sections 29 U.S.C. §§ 211(c) and 215(a)(5) of the FLSA, fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by it as prescribed by the regulations issued, and from time to time amended, pursuant to section § 211(c) of the FLSA and (29 C.F.R. § 516). Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

5. Defendants shall provide training to its current employees and managers on the provisions of the FLSA, including minimum wage, hours worked, recordkeeping, overtime, and employee rights. This training shall be provided during working hours at company expense with no charge to the employee. This training shall be provided by a competent third party approved by Wage and Hour Division of the United States Department of Labor (hereinafter "Wage and Hour"), and shall be completed within 90 days from entry of this Judgment. This training shall occur at both the Econo Lodge – Truman Inn and the Motel 6 – Hotel State Fair.

6. Defendants shall put in place a computerized time and payroll recordkeeping system. This system shall be put in place at all locations owned in whole or in part by any of the Defendants. This system shall be put in place within 90 days from entry of this Judgment and Defendants shall provide adequate training to their employees on use of the system. Defendants shall not permit any employee to work prior to clocking in or after clocking out.

7. Defendants shall immediately post the English and Spanish versions of the FLSA poster (WHD Publication 1088) in a conspicuous place at each establishment owned in whole or in part by any of the Defendants. Defendants shall include on the poster a legible notation providing the telephone number of the local Wage and Hour district office.

8    Defendants shall certify that they have complied with paragraphs five through seven by providing to Wage and Hour, Attention: District Director- Kansas City District Office, a letter or letters indicating that each task has been completed and the date that completion occurred. This certification shall be provided within 30 days of each task being completed.

9    Defendants shall have a third party approved by Wage and Hour audit the Defendant's new time and payroll recordkeeping system for compliance with the FLSA once within the first two weeks after six months have passed since the system was put into place and a second time within the first two weeks after one year has passed since the system was put into place. Defendant shall certify within 30 days of its completion that the audit has been performed.

10   Defendants shall provide to all new employees training and information on the requirements of the FLSA, including minimum wage, hours worked, recordkeeping, overtime, and employee rights, within ten days of their employment. This new employee training shall be provided at both the Econo Lodge – Truman Inn and the Motel 6 – Hotel State Fair. Defendants shall also provide written information on the FLSA in the form of fact sheets promulgated by Wage and Hour.

11   Defendants shall deliver to each employee with every payment intended as compensation for hours worked, regardless of the form of payment, a statement setting forth the pay date, the dates of the pay period covered by the payment, the total hours paid, the number of straight time hours, the number of overtime hours, the rates of pay, the total straight-time wages paid, and the total overtime compensation. Further, Defendants shall include on each such statement the telephone number at which to contact Wage and Hour (1-866-487-9243), and a statement, in English as well as any other languages that are the primarily language of three or more employees, that such telephone number may be used to make confidential and anonymous complaints about hours worked, wages paid, or other conditions of employment.

12   Defendants shall make available to employees at each of their hotel businesses, a copy, in English and Spanish, of the most recently revised Wage and Hour publication entitled "Handy Reference Guide to the Fair Labor Standards Act" (WH1282).

13    In the event an employee is employed jointly by two or more of the Defendants, Defendants shall combine all of the employee's work for all joint employers during the workweek when determining hours worked under the FLSA.

14    Defendants shall not do anything to intimidate its employees into recording fewer hours than the employees actually worked, and shall instruct and encourage its employees to keep accurate accountings of their time, including hours worked in excess of 40 hours per week.

15    Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money, whether in the form of cash, check, or any other form, previously due or to become due in the future to said employee under the provisions of this Judgment or the FLSA; nor shall Defendants accept, or retrieve from any employee, either directly or indirectly, any money, whether in the form of cash, check, or any other form, heretofore or hereafter paid to said employee under the provisions of this Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate against, nor solicit or encourage anyone else to discriminate against, any such employee because such employee has received or retained money due to him from Defendants under the provisions of this Judgment or the FLSA; nor shall Defendants raise an employee's immigration status as a defense to the payment of back wages in any suit alleging such retaliation.

It is further Ordered, Adjudged and Decreed:

16    Plaintiff recover from the Defendants the sum of $50,000.00 in unpaid minimum wages and overtime compensation, and an additional $50,000.00 as liquidated damages (for a total judgment of $100,000.00), plus interest calculated at the rate of 0.58% per annum (which represents the weekly average one-year constant maturity Treasury yield for the calendar week preceding the execution of this consent judgment) to be accrued as of September 1, 2016, and compounded every year thereafter on September 1, for work performed by the employees named in the Appendix attached hereto, during the period from June 1, 2012, to May 31, 2015. On or before September 1, 2016, the Defendants shall make to Plaintiff a payment in the amount of $20,000.00. Thereafter, on or before September 1 of each succeeding year, the Defendants shall make to Plaintiff a payment in the amount of $40,000.00.

17  Defendants shall deliver payments to the United States Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638, by way of a certified or cashier's check made payable to "Wage and Hour – Labor." Defendants shall include with the check a note that the payment is made pursuant to this Judgment and shall specifically identify the judgment by date and case number.

18  In the event the Defendants fail to make complete payment as required by the terms of this judgment, the judgment amount shall become $255,000.00, less any amounts for payments previously made. The total judgment of $255,000 shall become immediately due and payable by Defendants. Any unpaid balance is a debt owing to the United States and is subject to the Debt Collection Act of 1982 (Public Law 97-365) and the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3719.

19  Upon receipt of payment from the Defendants, Plaintiff's counsel shall file with the Court a certificate of payment and representatives of Plaintiff shall distribute such amounts less appropriate deductions for federal income withholding taxes and the employee's share of the Social Security (F.I.C.A.) tax to the employees or their representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employers' share of F.I.C.A. arising from or related to the back wages distributed by Plaintiff.

20  Any funds not distributed within a period of three years from the date of this Judgment because of inability to locate the proper persons or because of such person's refusal to accept the sums sought to be distributed shall be deposited into the Treasury of the United States.

It is further Ordered, Adjudged and Decreed that, nothing in this Judgment affects the rights of any current or former employees with respect to any claimed violations of the FLSA for time periods or locations other than those identified in this Judgment, and, notwithstanding anything to the contrary, above, nothing in this Judgment shall be deemed an admission on the part of Defendants to claims raised by employees for violations of the FLSA in this litigation. Further, nothing in this Judgment precludes Plaintiff from enforcing violations of the FLSA against Defendants that occurred at times or locations other than those identified in this Judgment, and nothing in this Judgment shall prevent Defendants from asserting their defenses to such violations.

It is further Ordered, Adjudged and Decreed that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding.

So ordered this 19th day of September, 2016.

 /s/ Douglas Harpool
Hon. Douglas Harpool
United States District Judge

The parties hereby consent to the terms and conditions of the foregoing Consent Judgment as set forth above:

For the United States Dept. of Labor:

M. Patricia Smith
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

H. Alice Jacks
Associate Regional Solicitor

/s/ Megan J. McGinnis
Megan J. McGinnis
Kansas Bar No. 24618

/s/ Charles W. Gordon
Charles W. Gordon
Missouri Bar No. 32985

Office of the Solicitor
United States Department of Labor
2300 Main Street, Suite 1020
Two Pershing Square Building
Kansas City, Missouri 64108
(816) 285-7260 *telephone*
(816) 285-7287 *facsimile*

For the Defendants KDP Hospitality Group LLC, KDP Hospitality LLC, Priti B. Bhakta and Bhupendra Bhakta:

/s/ Priti B. Bhakta
Priti B. Bhakta, individually and on behalf of KDP Hospitality LLC and KDP Hospitality Group LLC

/s/ Bhupendra Bhakta
Bhupendra Bhakta, individually

/s/ Daniel Baker
Daniel Baker          Bar No. 60642
Law Office of Cox & Associates LLC
202 West Fourth Street
Sedalia, Missouri 65301
(660) 826-5488 *telephone*
(660) 826-2928 *facsimile*
daniel@sedalialawyers.com

**APPENDIX A TO CONSENT JUDGMENT**
*Perez v. KDP Hospitality, LLC et al.*
*2:15-cv-04293-MDH*

| Employee Name | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|
| Maria Aguirre Flores | $16,496.92 | $16,496.92 | $32,993.84 |
| Gloria Carlos Waldo | $6,649.05 | $6,649.05 | $13,298.10 |
| German Galeana | $3,116.70 | $3,116.70 | $6,233.40 |
| Inez Gonzalez | $3,357.69 | $3,357.69 | $6,715.38 |
| Daniella Lopez | $382.49 | $382.49 | $764.98 |
| Maribel Lopez Salcedo | $4,343.52 | $4,343.52 | $8,687.04 |
| Maria Lucia Maldonado | $14,103.40 | $14,103.40 | $28,206.80 |
| Luis Fernando Uribe | $1,550.23 | $1,550.23 | $3,100.46 |
| **TOTAL** | **=$50,000.00** | **=$50,000.00** | **=$100,000.00** |